**DELTA SIGMA THETA SORORITY, INC., Plaintiff,**

v.

**Letisha D. BIVINS, et al., Defendants.**

**Civil Case No. 13–252**

United States District Court, District of Columbia.

Signed October 23, 2013

Elisabeth T. Kidder, Sharmian L. White, Devarieste Curry, McLeod, Watkinson & Miller, Washington, DC, for Plaintiff.

Letisha D. Bivins, pro se.

Alphonso D. Goins, Naples, FL, pro se.

## TEMPORARY RESTRAINING ORDER

BERYL A. HOWELL, United States District Judge

The Court has considered the Application for a Temporary Restraining Order ("Application") filed by the plaintiff Delta Sigma Theta Sorority, Incorporated ("the plaintiff" or "Delta"). On the basis of the plaintiff's supporting memoranda, the arguments presented to the Court, and the entire record herein, the Court hereby

finds that the Application should be **GRANTED.**

**IT IS HEREBY ORDERED** that Defendants Letisha D. Bivins, Alphonso D. Goins, and Frathouse Clothing, LLC ("Defendants") are temporarily restrained, enjoined, and prohibited from engaging in the acts and conduct set forth hereinafter in detail.

### Findings of Fact

1. The plaintiff is a not-for-profit membership service organization that was founded in 1913 on the campus of Howard University and is incorporated under the laws of the District of Columbia.

2. The plaintiff purports to own a number of trademarks and service marks ("Marks") and has registered many of its Marks with the United States Patent and Trademark Office ("PTO"), as shown on Schedule A, accompanying this Order. The plaintiff purports to own common law trademark rights to several Marks, as shown on Schedule B, accompanying this Order.

3. The plaintiff alleges that its Marks are "famous" within the meaning of that term under the law within the District of Columbia and throughout the United States.

4. Defendant FratHouse Clothing, LLC ("FratHouse") is a Florida limited liability company with its principal address at 1200 Goodlette Road, #11533, Naples, FL 34101.

5. Defendant Letisha Bivins is an individual residing in the state of Florida. Her address is P.O. Box 11138, Naples, FL 34101. The plaintiff alleges that Ms. Bivins was a founding Managing Member of FratHouse Clothing, LLC. During the time of the alleged infringing activities at issue, the plaintiff alleges that Ms. Bivins apparently directed, controlled, and was a moving force behind the acts of FratHouse.

6. Defendant Goins is an individual residing at 6924 Burnt Sienna Circle, Naples, FL 34109. The plaintiff alleges that Mr. Goins was a founding Managing Member of FratHouse, and at all times relevant to this litigation, has been a Managing Member of FratHouse. The plaintiff alleges that Mr. Goins has apparently directed and controlled, and has been a moving force behind, the acts of FratHouse.

7. The plaintiff alleges that the defendants have sold and are selling merchandise, including t-shirts, polo shirts, tote bags, and drawstring bags that bear the plaintiff's Marks or confusingly similar imitations thereof. The plaintiff alleges that the defendants have placed such merchandise in interstate commerce via the FratHouse website at www.frathouseclothing.com. The plaintiff alleges that the defendants have also advertised the FratHouse website and the merchandise available through it on other web sites, including Facebook (www.facebook.com/frathouseclothing); Twitter (twitter.com/FHC_Greek); and Flickr (www.flickr.com/photos/77736948@N06).

8. The plaintiff submitted evidence in support of its Application for a temporary restraining order showing that, since commencement of this lawsuit, the defendants have displayed on their website and Facebook page numerous t-shirt designs allegedly using the plaintiff's Marks.

### Conclusions of Law

1. The plaintiff has raised a colorable argument that this Court has personal jurisdiction over the defendants pursuant to the District of Columbia long-arm statute, D.C. Code § 13–423, and that venue is appropriate in the District of Columbia pursuant to 28 U.S.C. § 1391(b)(2). The plaintiff has been granted forty-five days in which to seek discovery to bolster its

argument that jurisdiction and venue are proper in this District.

2. A moving party must establish the following four factors in order to be entitled to a temporary restraining order or preliminary injunction under Federal Rule of Civil Procedure 65:

> (1) it has a substantial likelihood of success on the merits; (2) it will suffer irreparable harm if the injunction is not granted; (3) other interested parties will not suffer substantial harm if the injunction is granted; and (4) the public interest will be furthered by the injunction.

*Foundation of Econ. Trends v. Heckler*, 756 F.2d 143, 151 (D.C. Cir. 1985); *Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C. Cir. 1977). The plaintiff has met these four factors and is entitled to a temporary restraining order at this time.

3. The plaintiff's asserted claims are for trademark infringement, counterfeiting, trademark dilution and unfair competition, arising under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.* and federal and District of Columbia common law.

■ 4. This Court finds that since, *inter alia*, Defendant FratHouse Clothing, LLC and Defendant Goins did not contest the entry of this Temporary Restraining Order despite notice having been provided of the pendency of a hearing on the plaintiff's motion, the plaintiff is likely to prevail on the merits of its trademark infringement, counterfeiting, unfair competition, and trademark dilution claims, understanding that a likelihood of success on any one of those claims, coupled with satisfaction of the other required elements, entitles the plaintiff to injunctive relief.

5. Courts have recognized that trademark infringement, unfair competition, and trademark dilution are offenses that, by their very nature, cause irreparable injury.

*See, e.g., Partido Revolucionario Dominicano Seccional Metropolitana de Washington–DC, Maryland y Virginia v. Partido Revolucionario Dominicano, Seccional de Maryland y Virginia*, 312 F.Supp.2d 1, 32 (D.D.C. 2004); *The Appleseed Found., Inc. v. Appleseed Inst., Inc.*, 981 F.Supp. 672, 677 (D.D.C. 1997); *Malarkey–Taylor Assocs., Inc. v. Cellular Telecomms. Indus. Ass'n*, 929 F.Supp. 473, 478 (D.D.C. 1996); *Sears, Roebuck & Co. v. Sears Fin. Network, Inc.*, 576 F.Supp. 857, 864 (D.D.C. 1983) (addressing trademark infringement, unfair competition, and trademark dilution). *Accord Eli Lilly & Co. v. Natural Answers, Inc.*, 233 F.3d 456, 469 (7th Cir. 2000) ("irreparable harm is generally presumed in cases of trademark infringement and dilution"); *Societe Des Produits Nestle, S.A. v. Casa Helvetia, Inc.*, 982 F.2d 633, 640 (1st Cir. 1992) ("By its very nature, trademark infringement results in irreparable harm because the attendant loss of profits, goodwill, and reputation cannot be satisfactorily quantified and, thus, the trademark owner cannot adequately be compensated.").

■ 6. Since the plaintiff has established a likelihood of success on each of its claims, and because Defendants FratHouse Clothing, LLC, and Goins did not contest the entry of this Temporary Restraining Order, and have apparently continued to offer for sale merchandize allegedly bearing the plaintiff's Marks, despite the pendency of this lawsuit and several cease and desist letters sent to the defendants by the plaintiff, the plaintiff has established, that it will suffer certain irreparable harm in the absence of relief provided by this Order.

■ 7. The defendants will not suffer substantial harm from this temporary restraining order. Defendants will be able to continue operating their business, as plaintiff does not seek to enjoin all sales of

Defendant's products, but only to halt sales of merchandise allegedly using the plaintiff's Marks.

8. Granting a temporary restraining order will further the public interest. It is within the public interest for the Court to take action to prevent public deception and confusion over the source or origin of goods. *See Sears*, 576 F.Supp. at 865; *Crime Control, Inc. v. Crime Control, Inc.*, 624 F.Supp. 579, 582 ("The public has a right not to be deceived or confused."). This is particularly true where the order will not stop Defendants from marketing all products, but will only require that they stop allegedly using plaintiff's Marks. *See Malarkey–Taylor*, 929 F.Supp. at 478. Therefore, this Court finds it in the public's interest to avoid further confusion and to prevent the potential dilution of the plaintiff's registered and unregistered common law Marks.

**WHEREFORE,** based upon the foregoing and based upon its conclusion that the record of evidence and the relevant law are sufficiently clear, **THIS COURT HEREBY GRANTS** the Plaintiff's application for temporary restraining order against defendants Letisha Bivins, Alphonso Goins, and FratHouse Clothing, LLC (including each of their agents, officers, employees, representatives, successors, assigns, and all other persons acting for, with, by, through or under authority from defendants, or in concert or participation with them, in accordance with Federal Rule of Civil Procedure 65).

Defendants are hereby temporarily **RESTRAINED, ENJOINED AND PROHIBITED FROM:**

1. Manufacturing, distributing, marketing, advertising, promoting, transporting, disposing of, donating, or offering for sale, or otherwise distributing any merchandise that uses any of the plaintiff's registered or unregistered Marks as shown on the accompanying Schedules A and B, or any mark that is confusingly similar to the plaintiff's Marks.

2. Hosting, acting as Internet Service Provider for, operating, or using any website to advertise, offer for sale, or sell any products bearing the plaintiff's registered or unregistered Marks, or linking any website or web content to any such website.

3. Using any email address to offer for sale or sell any merchandise bearing the plaintiff's registered or unregistered trademarks.

4. Falsely stating or implying the plaintiff's endorsement, support, or approval of the defendants' merchandise or engaging in any act or series of acts which, either alone or in combination, constitute unfair methods of competition with the plaintiff, and from otherwise interfering with or injuring the plaintiff's Marks or the goodwill associated therewith;

5. Engaging in any act which is likely to dilute the distinctive quality of the plaintiff's Marks and/or injure the plaintiff's reputation and goodwill;

6. Representing or implying that the defendants are in any way sponsored by or affiliated with, or have been endorsed, approved or licensed by the plaintiff;

7. Secreting, destroying, altering, removing, or otherwise dealing with merchandise bearing the plaintiff's trademarks, or any books or records of any type that contain any information relating to the manufacturing, producing, importing, exporting, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, or displaying of merchandise that infringes upon the plaintiff's Marks.

8. Effecting assignments or transfers, forming new entities or associations, or using any other device for the purpose of

circumventing or otherwise avoiding the prohibitions set forth in this order.

9. Selling or transferring ownership or control over FratHouse Clothing, LLC, www.frathouseclothing.com or the Frat-House Clothing Facebook, Twitter, or Flickr sites to any third party.

10. Assisting, inducing, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in paragraphs 1 through 9 above.

11. In addition to the foregoing relief, defendants are **ORDERED** to remove, within 24 hours of receiving this Order, all content from their www.frathouseclothing.com website; Frathouse Clothing Facebook pages, Twitter, and Flickr sites depicting any of the plaintiff's registered or unregistered Marks, or any mark that is confusingly similar to any of the plaintiff's Marks.

12. The defendants are **ORDERED** to provide a copy of this Order to each of their agents, officers, employees, representatives, successors, assigns, and all other persons acting for, with, by, through or under the defendants' authority, or in concert or participation with them with respect to the issues involved in this litigation and/or the activities of FratHouse Clothing, LLC.

This Court concludes that after considering all of the Federal Rule of Civil Procedure 65(c) factors, the plaintiff shall be required to post a bond or cash in the amount of **$5,000.00 (Five Thousand Dollars)**.

This temporary restraining order shall expire on **November 22, 2013**.

**SO ORDERED.**

SCHEDULE A

**DELTA SIGMA THETA SORORITY, INC. LIST OF REGISTERED TRADEMARKS AND SERVICE MARKS**

| Mark | Description | Reg. Nos. | Graphic |
|---|---|---|---|
| **Delta Minerva Crest** | Stylized Logo for Crest | 3,465,351 2,199,610 | |
| **Delta Sigma Theta** ΔΣΘ | Word Mark Greek Letters | 3,407,876 3,416,699 2,201,178 | n/a ΔΣΘ |
| | Stylized Logo for Financial Fortitude for the Total Woman | 3,394,029 | |
| **Financial Fortitude for the Total Woman** | Word Mark | 3,390,752 | n/a |
| **Financial Fortitude** | Word Mark | 3,491,039 | n/a |
| | Stylized Logo for Delta GEMS | 3,492,176 | |
| | Stylized Logo for The Total Woman: Mind, Body & Spirit | 3,492,511 | |

| Delta GEMS | Word Mark | 3,495,424 | n/a |
|---|---|---|---|
| | Stylized Logo for Delta Torch | 3,557,212 | |
| Delta Sigma Theta Sorority, Inc. | Word Mark | 2,197,647 | n/a |
| | Centennial Logo | 4,370,994 | |
| | Pearl Heart Logo | Pending 85663195 (serial no.) | |
| | Pearl Heart Logo with Words | 4,336,623 | |

SCHEDULE B

DELTA SIGMA THETA SORORITY, INC. LIST OF COMMON LAW TRADEMARKS AND SERVICE MARKS